## Case No. 9,888.

### The MOUNT WASHINGTON.

#### [4 Ben. 171.] [1]

District Court, S. D. New York. May, 1870.

COLLISION ON HUDSON RIVER — SCHOONER AND STEAMBOAT.

1. A steamboat, with a heavy tow at the end of a hawser, was going slowly up the Hudson river, close along the west shore, when a collision occurred between a boat on the port side in the tow, and a schooner. The schooner was scarcely doing more than drifting down with the tide, as the wind was very light. The steamboat, just before the collision, took a rank sheer to the east, and, when the schooner was just off her port bow, stopped her engine: *Held*, that it was the duty of the steamboat to keep out of the way of the schooner, and she must show that her failure to do so arose from no fault on her part.

2. The sheer of the steamboat was not justifiable, and she should have stopped and backed sooner.

In admiralty.

R. D. Benedict, for libellant.

Beebe, Donohue & Cooke, for claimant.

BLATCHFORD, District Judge. This is a libel for a collision which occurred about 8 o'clock a. m. on the 1st of August, 1867, between the schooner Annie, owned by the libellant, and a canal-boat in tow of the steamboat Mount Washington, a short distance below the upper end of Wagner's Island, in the Hudson river. The schooner was bound down the river. The steamboat was going up close along the west shore, off Wagner's Island, having seventeen boats in tow—one on each side of her and fifteen on a hawser, astern, in three tiers of four each, and an extreme stern tier of three. The tide was ebb. There is a dispute as to how the wind was, but there is no doubt it was very light. The schooner was scarcely doing more than drifting with the tide. The speed of the steamboat was very small, as her tow was heavy. The port bow of the schooner struck the port bow of the extreme port boat, of the four boats in the first tier behind the steamboat, and the schooner swung around, so that her port side lay against the bows of the boats in that tier. She was finally shoved out, and claims to recover $200 for the damages she sustained and for loss of her time.

It was the duty of the steamboat to keep out of the way of the schooner, and she must show that she failed to do so through no fault on her part. This she has not, on the whole evidence, satisfactorily done. It is admitted, that, just before the collision, the steamboat took a rank sheer to the eastward, by putting her helm hard a-port, and that she and the boat on her port side went clear of the schooner, on the port side of the schooner. I am not satisfied that this sheer was justifiable, or that there was anything in the position or movements of the schooner, to call for it. The steamboat, on her own showing,

was very close to the west shore, and it was not reasonable for her to suppose that the schooner would attempt to pass between her and the west shore. It was on that supposition alone that she acted, in porting where she did. Moreover, I think the steamboat did not soon enough stop and back. Her master says, that, when the schooner was nearly an eighth of a mile off, he thought she was going in to the westward of him, and that he, at that distance, hailed the schooner not to do so, but without effect. Yet he says, that he did not slow or stop his engine till after he had put his wheel hard a-port, and that, when he stopped his engine, the schooner was just off his port bow. I think, on the evidence, that, if the steamboat had not ported at all, and, certainly, if she had stopped and backed, when she hailed the schooner, there would have been no collision. There must be a decree for the libellant, with costs, with a reference to ascertain the damages sustained by the libellant.